# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| FREDERICK INSCHO and SHERRI INSCHO, legal representatives of a minor child, GABRIELLE INSCHO, | No. 11-599V<br>Special Master Christian J. Moran |
| Petitioners, | Filed: June 5, 2015 |
| v. | Stipulation; flu mist vaccine; transverse myelitis. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Stephen P. O'Keefe</u>, Gibson & O'Keefe Co., LPA, Centerville, OH, for Petitioners;
<u>Heather L Pearlman</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On June 3, 2015, respondent filed a joint stipulation concerning the petition for compensation filed by Frederick and Sherri Inscho, on behalf of their daughter, Gabrielle Inscho, on September 19, 2011. In their petition, the Inschos alleged that the flu mist vaccine which Gabrielle received on or about September 22, 2008, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to develop transverse myelitis. Petitioners further allege that Gabrielle experienced the residual effects of her injury for more than six months. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Gabrielle as a result of her condition.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that Gabrielle suffered transverse myelitis or any other injury as a result of her immunization.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $829,128.65, which amount represents compensation for first year life care expenses ($342,560.65) and trust seed funds ($486,568.00), in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of Gabrielle Inscho;**

b. **A lump sum of $518,799.39, which amount represents compensation for partial lost future earnings ($393,799.39) and pain and suffering ($125,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of Gabrielle Inscho for the benefit of Gabrielle Inscho. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of Gabrielle Inscho's estate;**

c. **A lump sum of $224,362.03, which amount represents reimbursement of a lien for services rendered on behalf of Gabrielle, in the form of a check payable jointly to petitioners and;**

> Treasurer, State of Ohio
> 350 Worthington Rd., Suite G
> Westerville, Ohio 43082
> Attn: Jaime L. Hall
> Case Number: 996592

d. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation attached hereto as "Appendix A," paid**

**to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**[2]

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 11-599V according to this decision and the attached stipulation.[3]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:
   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

FREDERICK INSCHO and SHERRI )
INSCHO, legal representatives of a minor child, )
GABRIELLE INSCHO, )
                                               )
            Petitioners, )
    v.     )   No. 11-599V
           )   Special Master Moran
SECRETARY OF HEALTH AND )   ECF
HUMAN SERVICES, )
             )
           Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, Gabrielle Inscho ("Gabrielle"), petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Gabrielle's receipt of the flu mist vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Gabrielle received her immunization on or about September 22, 2008.

3. The vaccine was administered within the United States.

4. Petitioners allege that Gabrielle developed transverse myelitis as a result of her immunization. Petitioners further allege that Gabrielle suffered residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Gabrielle as a result of her condition.

-1-

6. Respondent denies that Gabrielle suffered transverse myelitis or any other injury as a result of her immunization.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $829,128.65, which amount represents compensation for first year life care expenses ($342,560.65) and trust seed funds ($486,568.00), in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of Gabrielle Inscho;

> b. A lump sum of $518,799.39, which amount represents compensation for partial lost future earnings ($393,799.39) and pain and suffering ($125,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of Gabrielle Inscho for the benefit of Gabrielle Inscho. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of Gabrielle Inscho's estate;

> c. A lump sum of $224,362.03, which amount represents reimbursement of a lien for services rendered on behalf of Gabrielle, in the form of a check payable jointly to petitioners and
>
>           Treasurer, State of Ohio
>       350 Worthington Rd., Suite G
>          Westerville, Ohio 43082
>           Attn: Jaime L. Hall
>          Case Number: 996592

> d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.      Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Gabrielle, pursuant to which the Life Insurance Company will agree to make payments periodically to the trustee for the following items of compensation:

    a. For future unreimbursable Insurance Premium and Maximum-Out-of-Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,544.00 to be paid up to the anniversary of the date of judgment in year 2027. Then, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $9,008.00 to be paid up to the anniversary of the date of judgment in year 2031. Then, on the anniversary of the date of judgment in year 2031, a lump sum of $9,032.00. Then, on the anniversary of the date of judgment in year 2032, a lump sum of $9,104.00. Then, on the anniversary of the date of judgment in year 2033, a lump sum of $9,200.00. Then, on the anniversary of the date of judgment in year 2034, a lump sum of $9,368.00. Then, on the anniversary of the date of judgment in year 2035, a lump sum of $9,488.00. Then, on the anniversary of the date of judgment in year 2036, a lump sum of $9,560.00. Then, on the anniversary of the date of judgment in year 2037, a lump sum of $9,656.00, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    b. For future unreimbursable Medicare Part B Premium, Medicare Advantage, Medigap, and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $6,848.80 to be paid up to the anniversary of the date of judgment in year 2071. Thereafter, beginning on the anniversary of the date of judgment in year 2071, an annual amount of $8,833.52 to be paid for the remainder of Gabrielle's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    c. For future unreimbursable Occupational Therapy Evaluation, Occupational Therapy,

and Physical Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,480.00 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $1,680.00 to be paid up to the anniversary of the date of judgment in year 2038. Thereafter, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $2,100.00 to be paid for the remainder of Gabrielle's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Medical Case Manager expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,400.00 to be paid for the remainder of Gabrielle's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Adjustment Counseling expenses, on the anniversary of the date of judgment in year 2019, a lump sum of $950.00. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $825.00. Then, on the anniversary of the date of judgment in year 2030, a lump sum of $825.00, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Miralax, Ibuprofen, and Senna expenses, beginning on the first anniversary of the date of judgment, an annual amount of $327.96 to be paid for the remainder of Gabrielle's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Supplies and Mattress Protector expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,379.06 to be paid for the remainder of Gabrielle's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Hospital Bed, Pressure Mattress, Shower Chair, Activity Chair, Lift System, Sling, Power Wheelchair with Custom Seating, Power Standing Wheelchair, Portable Ramp, Environmental Control Unit, iPad, Home Intercom, and FES Bike expenses, on the first anniversary of the date of judgment, a lump sum of $15,750.00. Then, on the anniversary of the date of judgment in year 2018, a lump sum of $1,114.04. Then, on the anniversary of the date of judgment in year 2020, a lump sum of $50,538.55. Then, on the anniversary of the date of judgment in year 2021, a lump sum of $5,436.04. Then, on the anniversary of the date of judgment in year 2022, a lump sum of $482.50. Then, on the anniversary of the date of judgment in year 2023, a lump sum of $23,112.83. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $616.04. Then, on the anniversary of the date of judgment in year 2025, a lump sum of $81,205.28. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $5,436.04. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $498.00. Then, on the anniversary of the date of judgment in year 2030, a lump sum of $88,207.00. Then, on the

anniversary of the date of judgment in year 2033, a lump sum of $498.00. Then, on the anniversary of the date of judgment in year 2034, a lump sum of $99.60. Then, on the anniversary of the date of judgment in year 2035, a lump sum of $72,556.60. Then, on the anniversary of the date of judgment in year 2036, a lump sum of $14,591.00. Then, on the anniversary of the date of judgment in year 2037, a lump sum of $30,341.00. Thereafter, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $16,841.00 to be paid for the remainder of Gabrielle's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Shoes for AFO, Wheelchair Maintenance, Wheelchair Battery, Telescoping Mouthpiece, and Dragon Dictate expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,588.10 to be paid for the remainder of Gabrielle's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Replacement Seating expenses, on the anniversary of the date of judgment in year 2017, a lump sum of $5,004.00, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

k. For future unreimbursable Skilled Nursing Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $108,148.00 to be paid up to the anniversary of the date of judgment in year 2028, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l. For future unreimbursable Residential Facility Care or Skilled Home Care expenses, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $121,642.00 to be paid for the remainder of Gabrielle's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

m. For future unreimbursable Van Modification Maintenance and AAA expenses, beginning on the first anniversary of the date of judgment, an annual amount of $327.00 to be paid up to the anniversary of the date of judgment in year 2035, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

n. For future unreimbursable Van Conversion, Van, and Van Rental expenses, on the anniversary of the date of judgment in year 2025, a lump sum of $58,245.00. Thereafter, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $3,600.00 to be paid for the remainder of Gabrielle's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may

be provided to the trustee in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the trustee and do not require that the payment be made in one annual installment. The trustee will continue to receive the annuity payments from the Life Insurance Company only so long as Gabrielle is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, the trustee, and the Life Insurance Company shall be provided within twenty (20) days of Gabrielle's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of Gabrielle, as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of Gabrielle's estate under the laws of the State of Ohio. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of Gabrielle's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Gabrielle Inscho at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Gabrielle Inscho upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of Gabrielle, on behalf of themselves,

Gabrielle, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Gabrielle resulting from, or alleged to have resulted from the flu mist vaccination administered on or about September 22, 2008, as alleged by petitioners in a petition for vaccine compensation filed on or about September 19, 2011 in the United States Court of Federal Claims as petition No. 11-599V.

18. If Gabrielle should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Gabrielle suffered the onset of transverse myelitis as a result of her immunization.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of Gabrielle Inscho.

END OF STIPULATION

/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

_/s/ Frederick Inscho_
FREDERICK INSCHO

PETITIONER:

_/s/ Sherri Inscho_
SHERRI INSCHO

ATTORNEY OF RECORD FOR
PETITIONERS:

_/s/ Stephen O'Keefe_
STEPHEN P. O'KEEFE, ESQ.
GIBSON & O'KEEFE CO., LPA
6239 Wilmington Pike
Centerville, OH 45459
(937) 643-0600

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_/s/ Vincent J. Matanoski by Catherine E._
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_/s/ A. Melissa Houston_
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_/s/ Heather L. Pearlman_
HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-2699

Dated: 06/03/15

-10-